# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

MARILYN MATHERLY,          )
                                          )
                 Plaintiff,        )
                                          )
            v.                   )        No. 6:18-03028-CV-RK
                                          )
                                          )
NANCY A. BERRYHILL, ACTING   )
COMMISSIONER OF SSA;         )
                                          )
               Defendant.    )

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must

"defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc and joint disease in the cervical spine; obesity; chronic obstructive pulmonary disease (COPD) with continued smoking; schizoaffective disorder, variously diagnosed as adjustment disorder, mood disorder, and including borderline personality disorder; anxiety disorder, variously diagnosed as generalized anxiety disorder and panic attacks; post-traumatic stress disorder (PTSD); and substance addiction disorder/marijuana. The ALJ also determined that Plaintiff has the following non-severe impairments: traumatic brain injury; fibromyalgia; osteoporosis; right shoulder pain/right shoulder tendinitis; and headaches. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work[1] with the following limitations: Plaintiff can never climb ladders, ropes, or scaffolds; never work at unprotected heights; no exposure to concentrated pulmonary irritants or extremes of heat, cold, or humidity; occasionally climb stairs and ramps; occasionally stoop, kneel, crouch, crawl, and reach/lift overhead bilaterally; can perform work that is limited to simple, routine, repetitive tasks which require only simple work-related decision making with few changes in the routine work setting; and no more than occasional interaction with supervisors, coworkers, and the general public. The Plaintiff has no past relevant work. The ALJ found that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff makes the following arguments: (1) whether the ALJ properly considered Plaintiff's mental and physical impairments when formulating the RFC; (2) whether

---

[1] "Light work involves lifting no more than 20 pounds at time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567.

the ALJ had a duty to develop the record; and (3) whether the ALJ properly considered Plaintiff's activities of daily living.

## I.      Whether the ALJ Properly Considered Plaintiff's Physical and Mental Impairments

First, Plaintiff argues the ALJ did not properly consider Plaintiff's physical and mental impairments when formulating the RFC. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

### A. Physical Impairments

Plaintiff argues the record does not contain any medical opinion that addresses Plaintiff's physical ability to perform light work with particular emphasis on the ability to lift up to twenty pounds at a time and ability to perform a "good deal" of standing.[2] Further, Plaintiff argues the physical examinations and diagnostic testing indicate that Plaintiff is unable to perform light work on an ongoing basis. Here, the record provides, and the ALJ's opinion references, numerous physical examination and diagnostic testing results that were mild and unremarkable.[3] Mild or unremarkable objective medical findings and other medical evidence may constitute sufficient medical support for an RFC finding if the record contains no medical opinion. *Steed v. Astrue*, 524 F.3d 872, 875-76 (8th Cir. 2008). While Plaintiff points to portions of the medical record that support Plaintiff's complaints, the ALJ's RFC determination that Plaintiff can perform light work is supported by substantial evidence. *See Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014).

### B. Mental Impairments

Plaintiff argues the ALJ did not properly consider Plaintiff's mental limitations when making the RFC determination. Specifically, Plaintiff argues an RFC limitation which limit Plaintiff to no more than occasional interaction with supervisors, coworkers, and the general

---

[2] Plaintiff argues the RFC is flawed as to its requirement that Plaintiff stand for six hours each day. However, the ALJ's RFC determination does not provide any hourly requirements for standing. Accordingly, the Court will construe Plaintiff's argument as to standing for six hours to mean that Plaintiff cannot perform a "good deal" of standing as required in the definition of light work.

[3] For instance, thoracic spine x-rays in March 2014 were unremarkable; a cervical CT scan revealed Plaintiff's neck and shoulder areas as stable; cervical spine x-rays revealed no evidence of flexion or extension instability; nerve conduction studies performed in 2016 were normal; physical examination during neurological consultation was normal throughout with an abnormality in gait pattern; cardiac workup up was negative; and physical examinations during pain management consultations revealed largely normal findings.

public does not encompass the severity of Plaintiff's mental impairments. In support, Plaintiff cites two medical opinions where Plaintiff was assigned global assessment of functioning (GAF) scores of 35 and 50. The ALJ considered the GAF scores but only awarded them some weight because their use has been discontinued in the Diagnostic and Statistical Manual of Mental Disorders due to their lack of clarity and inability to represent a level of functioning over time. *See Greifzu-Hamric v. Berryhill*, 2017 U.S. Dist. LEXIS 46361, at *22 n.4 (E.D. Mo. Mar. 29, 2017) (GAF scores are generally disfavored in disability cases); *Gibson v. Colvin*, 2016 U.S. Dist. LEXIS 35756, at *12-13 (W.D. Mo. Mar. 21, 2016) (same).

The ALJ also considered the treatment notes of all of Plaintiff's providers, including her psychiatrist and her psychiatric nurse practitioner, who both found Plainitff as psychiatrically stable. Next, while Plaintiff argues the ALJ improperly relied on Dr. Hahn and Dr. Tribo's observations of normal mental findings, substantial evidence supports the ALJ's reliance on Dr. Hahn and Dr. Tribo's findings concerning Plaintiff's mental abilities in addition to their physical evaluation of Plaintiff.[4] Next, the ALJ considered Plaintiff's testimony that her medication improved her mental status when formulating the RFC as to Plaintiff's mental impairments.[5] Next, Plaintiff argues that her jump from a moving car is evidence of a severe mental impairment. The ALJ's opinion states that, while medical providers described this act as a suicide attempt, Plaintiff did not describe the incident as a suicide attempt and instead, described it as an accident. The ALJ also notes that Plaintiff was hospitalized after this incident for physical and psychiatric reasons, but when Plaintiff was released from the hospital, she was found to be in stable condition. Finally, Plaintiff argues the ALJ's opinion does not cite a specific medical opinion in support of the ALJ's RFC limitation as to Plaintiff's social interaction. While the RFC determination must be supported by medical evidence, the RFC does not need to be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Here, the ALJ has referenced and relied on medical evidence in the form of

---

[4] Dr. Hahn determined that Plaintiff had appropriate insight, good memory recall, her thinking seemed intact, and she was dramatic about pain and physical symptoms. Dr. Tribo observed that Plaintiff was in no acute distress, was alert and oriented, and acted with appropriate behavior during a physical examination.

[5] Plaintiff testified that Risperidone reduced her auditory hallucinations, and Cymbalta helped some with her depression. Plaintiff also indicated she did not have any side effects from her medications.

medical opinion evidence, physical and mental examination findings, and diagnostic testing results to support the RFC determination.[6]

## II.    Whether the ALJ had a Duty to Develop the Record

Second, Plaintiff argues the ALJ failed to develop the record because the record does not contain medical evidence that addresses Plaintiff's ability to function in the workplace. However, as discussed above, there is ample medical evidence in the record that addresses Plaintiff's physical and mental abilities as they relate to Plaintiff's ability to function in the workplace. Therefore, there is sufficient evidence in the record to determine whether Plaintiff is disabled, so the ALJ is not required to further develop the record. *See Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (the ALJ is only required to order further medical examinations if the existing medical record does not provide sufficient evidence to determine if the plaintiff is disabled); *Lockwood v. Colvin*, 627 Fed. App'x 575, 577 (8th Cir. 2015) (the court rejected the plaintiff's argument that the RFC determination was flawed because the record did not contain any opinions from treating or examining source and the ALJ assessed the RFC based on review of the medical records).

## III.    Whether the ALJ Properly Considered Plaintiff's Activities of Daily Living

Finally, Plaintiff argues that her ability to perform certain activities of daily living was not inconsistent with a finding of disability.[7] The ALJ did not reference Plaintiff's activities of daily living as an indicator of her ability to perform full-time work, and instead, the ALJ considered Plaintiff's ability to perform activities of daily living in the credibility analysis. *See Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) (subjective complaints of pain may be discredited by performance of daily activities that are inconsistent with such complaints); *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (it was proper for the ALJ to discredit Plaintiff's credibility, despite Plaintiff's complaints of severe limitations, because the record indicates Plaintiff is able to perform daily activities including: cleaning, shopping, cooking,

---

[6] For instance, mental examinations described the Plaintiff as clean, casually and appropriately dressed, fully oriented but restless, responsive and not distractible, but speech decreased, with an average fund of knowledge.

[7] The record indicates Plaintiff is able to perform the following activities of daily living: perform personal care; lives with others and performs cooking and does dishes; prepares "complete meals, with snacks in between;" performs light household chores with encouragement; drives independently if needed; shops in stores; manages finances; take medication; see medical providers and others; care for others; and maintain personal relationships.

paying bills, utilizing public transportation, and maintaining appropriate grooming and hygiene habits).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 4, 2019